IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYOU CITY HOME HEALTH CARE, INC., § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-3470 |
| § | | |
| KATHLEEN SEBELIUS, Secretary, § Department of Health and Human § Services, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for New Trial [Doc. # 15], to which Defendant has responded [Doc. # 16]. Plaintiff did not file a reply and the deadline for doing so has passed. Having reviewed the parties' briefing, all matters of record, and relevant legal authorities, the Court **denies** Plaintiff's Motion for New Trial.

## I.  BACKGROUND

Plaintiff is a home health care provider participating in the Medicare program. Plaintiff provides home health care services to eligible Medicare beneficiaries, for which it receives payment under the Medicare Part A program. To be eligible for Medicare home health services, the patient's physician must certify the patient is

homebound. On March 9, 2010, Defendant, acting through an intermediary,[1] Health Integrity LLC ("Health Integrity") initiated an audit of a sample group of Plaintiff's patients. On September 20, 2010, the Centers for Medicare & Medicaid Services ("CMS"), which administers the Medicare program, notified Plaintiff by letter that they disputed the "homebound" status of certain of Plaintiff's patients and immediately suspended all Medicare payments to Plaintiff. The notification letter stated that the suspension was based on "reliable information that an overpayment exists, or fraud or willful misrepresentation exists, or that payments to be made may not be correct."[2]

The notification letter also informed Plaintiff of its right to submit a rebuttal statement and evidence within 15 days of the letter.[3] The letter also informed Plaintiff that if it was determined that overpayment existed and should be recouped, a separate

---

[1] An intermediary is a private insurance company that contracts with Defendant to act on Medicare's behalf in processing, reviewing, and paying Medicare claims submitted by providers. *Baylor Univ. Med. Ctr. v. Heckler,* 758 F.2d 1052, 1056 n.5 (5th Cir. 1985). This terminology may change if proposed regulations take effect.

[2] Exh. B to Plaintiff's Complaint and Petition for Writ of Mandamus [Doc. # 1-1].

[3] *Id.* When as here, payments are suspended without prior notice, the provider may file a rebuttal statement as to why the suspension should be removed. 42 C.F.R. § 405.372(b)(2). Plaintiff submitted a rebuttal statement on October 13, 2010, after filing this federal lawsuit. *See* Exh. A to Plaintiff's Motion for New Trial [Doc. # 15-1].

notification would be sent and administrative review procedures would be available.[4] To date, neither CMS nor Health Integrity has made a determination of whether an overpayment in fact exists, *see* 42 C.F.R. § 405.372(c) (2009), which is a prerequisite to Plaintiff's right to challenge the alleged overpayment through the administrative review process prescribed by the Medicare Act and related regulations.

On September 24, 2010, Plaintiff filed this action to obtain a writ of mandamus to compel Defendant to make a timely overpayment determination as required by 42 U.S.C. § 1395gg.  Plaintiff alleged that Defendant refused to issue an overpayment determination in order to deny Plaintiff the opportunity to contest such determination through the administrative review process provided for in the Medicare Act.  Plaintiff also sought declaratory relief and an injunction requiring Defendant to immediately lift the suspension.  Plaintiff further claimed that the suspension of payments and refusal to issue an overpayment determination violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments to the Constitution, and violated the statutory limitation on recoupment in 42 U.S.C. § 1395ddd.

By Order dated February 11, 2011 [Doc. # 13], the Court granted Defendant's Motion to Dismiss, dismissed this case for lack of jurisdiction, and denied Plaintiff's request for writ of mandamus.  Plaintiff has now filed the instant Motion for New

---

4   Exh. B to Plaintiff's Complaint and Petition for Writ of Mandamus [Doc. # 1-1].

Trial [Doc. # 15], arguing that the Court committed a manifest error of law in denying Plaintiff's request for mandamus relief. Plaintiff's Motion for New Trial is now ripe for decision.

## II. LEGAL STANDARD

Plaintiff styled its motion as a "Motion for New Trial" and seeks a change in the Court's judgment dismissing its case under Federal Rule of Civil Procedure 59. The Court entered its Order dismissing Plaintiff's case on February 11, 2011. Plaintiff filed its Motion for New Trial on March 10, 2011. Plaintiff served its motion within the twenty-eight day time limit prescribed in Rule 59(e). Consequently, Plaintiff's Motion for New Trial is construed as a Rule 59(e) motion to alter or amend the order dismissing this case. *See Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 287-88 (5th Cir. 1989) (using 10 days, as the deadline in accordance with Rule 59 prior to the December 1, 2009, amendments, instead of 28 days); *accord Robin v. United States*, 233 F. App'x 350, 351 (5th Cir. 2007); *Williams v. Thaler*, 602 F.3d 291, 303-04 & n.7 (5th Cir.), *cert. denied*, __ U.S.__, 131 S.Ct. 506 (2010) (decided under current Rule 59(e)).

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir.

2008) (internal quotation marks omitted). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). A Rule 59(e) motion, however, is not "the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III. ANALYSIS

Plaintiff's Motion for New Trial does not establish a manifest error of law. The majority of Plaintiff's motion merely rehashes arguments and legal theories already rejected by the Court in granting Defendant's motion to dismiss. A "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005); *accord Templet*, 367 F.3d at 478.

Plaintiff argues that the Court committed a manifest error of law in denying

Plaintiff's request for mandamus relief.  To obtain a mandamus order, a petitioner must establish (1) that the defendant owes it a clear, nondiscretionary duty; and (2) that it has exhausted all other avenues of relief.  *See Heckler v. Ringer*, 466 U.S. 602, 614-615 (1984).

As the Court previously concluded, although Plaintiff clearly has a right to an overpayment determination, such a determination need not be made immediately, as Plaintiff requests.  CMS may suspend Medicare payments to a provider in cases of suspected fraud or overpayment in order to give an intermediary time to verify on behalf of Medicare whether there was, in fact, an overpayment.  *See* 42 C.F.R. § 405.371(a)(1).  A suspension may last up to 180 days, beginning on the date the suspension is imposed, *id.* § 405.372(d)(1), and the intermediary may request an 180 day extension under specified conditions, *id.* § 405.372(d)(2). The suspension period, as extended, has not yet elapsed.  Accordingly, Plaintiff does not have a right to an immediate overpayment determination at this time, and Defendant does not presently have a duty to issue such a determination.

Further, Plaintiff has not exhausted all other avenues of relief.  Plaintiff must wait for the intermediary to make an overpayment determination and, if dissatisfied, seek administrative review of such determination as provided by the Medicare Act and related regulations.  *See* 42 U.S.C. § 1395ff (describing appeal rights under Medicare

Act); 42 C.F.R. §§ 404.801 *et seq.* (same). Plaintiff waited only four days from CMS's suspension of Medicare payments to file this lawsuit demanding an overpayment determination. Plaintiff has alleged no facts from which the Court can infer that Defendant will not make a determination within the allotted time period, thereby triggering Plaintiff's appeal rights. Accordingly Plaintiff has not met the requirements for a writ of mandamus.

Plaintiff relies on *VCP Home Health Care Agency Inc. v. Sebelius*,[5] an unpublished opinion from the Northern District of Texas issued February 20, 2011,[6] for the proposition that the Court erred in denying Plaintiff's request for mandamus.[7] Plaintiff's reliance on *VCP* is misplaced. First, that case is not authority binding on this Court. Second, the Court finds the analysis in *VCP* unpersuasive. *VCP* involved

---

[5] Civil Action No. 3:10-cv-1152 (N.D. Tex. Feb. 20, 2011), attached as Exh. B to Plaintiff's Motion for New Trial [Doc. # 15-1].

[6] This case was not presented to the Court in conjunction with Defendant's motion to dismiss.

[7] Plaintiff also relies on several courts of appeals decisions and reiterates its argument made in response to Defendant's Motion to Dismiss, that mandamus jurisdiction is not barred by the Medicare Act. *See* Motion for New Trial [Doc. # 15], at 6. That argument misses the point. None of Plaintiff's cited cases stand for the proposition that a Court can issue a writ of mandamus before the allotted time period for making an overpayment determination has lapsed. *See, e.g.*, *United States ex rel. Rahman v. Oncology Assocs. P.C.*, 198 F.3d 502, 513-15 (4th Cir. 1999) (holding that the district court could not compel an overpayment determination be made within 20 days, and recognizing that "[t]he regulations nowhere specify a situation in which [the intermediary] must reach its determination in fewer than 360 days.").

facts and legal claims similar to those presented here. Although the *VCP* court found subject matter jurisdiction for mandamus, the Court dismissed the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), because the time provided by regulation for making the overpayment determination had not yet elapsed. *Id.* at 20. The Court concludes that the better analysis is that no subject matter jurisdiction exists until the time allotted for making the overpayment determination has transpired. *See* Order dated February 11, 2011 [Doc. # 13], at 9-10.

Plaintiff also submits new evidence in an attempt to demonstrate that Defendant's delay in issuing an overpayment determination is unreasonable. Plaintiff attaches the declaration of consultant M. Jan Spears.[8] This evidence does not alter the Court's conclusion that the Court lacks mandamus jurisdiction during the period before expiration of the allotted time period for making an overpayment determination.[9]

---

8  Exh. C to Plaintiff's Motion for New Trial [Doc. # 15-1]. M. Jan. Spears is the owner and operator of M.J.S. & Associates, L.L.C., a consulting firm and billing company focused on the Medicare home health program and state home health licensing surveys.

9  It is noted that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d 479; *accord ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847-48 (5th Cir. 2006). Plaintiff offers no excuse for its failure to present this evidence in responding to Defendant's Motion to Dismiss.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff has failed to show that the Court made a manifest error of law in denying Plaintiff's request for writ of mandamus. It is therefore

**ORDERED** that Plaintiff's Motion for New Trial [Doc # 15] is **DENIED.**

SIGNED at Houston, Texas, this **15th** day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge